IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ESTATE OF DAVID L. TETEAK, and
NANCY TETEAK, as personal representative for
the ESTATE OF DAVID L. TETEAK,
W10929 W. 4th Road
Pound, WI 54161

And

DERICK TETEAK
W10931 W. 4th Road
Pound, WI 54161                                            Case No. 18-667

       Plaintiffs,

  V.

THE COUNTY OF MARINETTE; Sheriff JEROME
T. SAUVE; Chief Deputy JAMES M. HANSEN;
Deputy DON BEHRENDT; Deputy CASEY BEHNKE;
Deputy BRIAN WRUK; Deputy NIELSEN;
Deputy BRENT HILL; Deputy ROBERT MAJEWSKI;
Deputy MICHAEL CHAPMAN; JOHN DOE, One or more
employees of the County of Marinette
1926 Hall Avenue
Marinette, WI 54143-1717

And

ABC INSURANCE COMPANY

And

ADVANCED CORRECTIONAL HEALTHCARE, INC.
3922 Baring Trace
Peoria, IL 61615-2500

LISA SWANSON, LPN
609 Madison Street
Oconto, WI 54153

HARRY DOE, One or more employees of Advanced Correctional Healthcare, Inc.

And

DEF INSURANCE COMPANY

And

ABC PARAMEDIC COMPANY
JANE DOE, One or more employees of ABC Paramedic Company
Marinette, WI 54143

HIJ INSURANCE COMPANY

      Defendants.

## COMPLAINT

Plaintiffs, the Estate of David Tetak, through Nancy Teteak, as personal representative of the Estate of David L. Teteak, and Derick Teteak, by their attorneys, Law Firm of Conway, Olejniczak and Jerry S.C., allege and state as follows:

### PARTIES

1. Plaintiff Nancy Teteak ("Ms. Teteak") is the mother of David L. Teteak and personal representative of the Estate of David L. Teteak and is an adult residing at W10929 W. 4th Road, Pound, WI 54161.

2. Plaintiff Derick Teteak ("Derick") is an adult residing at W10931 W. 4th Road, Pound, WI 54161, and is the son of David L. Teteak.

3. Defendant County of Marinette ("County") is a governmental entity organized and operating pursuant to the Constitution and the laws of the State of Wisconsin, a public entity, with a principal place of business located at 1926 Hall Avenue, Marinette, WI 54143.

4. At all times relevant to the facts alleged herein, Defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Sheriff's Department, their employees and agents, complied with the laws of the State of Wisconsin and the Constitution of the United States.

5. Defendant Sheriff Jerome T. Sauve ("Sauve") is and was at all times mentioned herein the Sheriff of Marinette County, with a principal place of business located at 2161 University Avenue, Marinette, WI 54143.

6. Sauve is responsible for the administration of the Sheriff's Department and for the supervision, training, and hiring of persons, agents, and employees working within the Sheriff's Department, including custody Deputies, supervisors and deputies, nurses, doctors, physician assistants, medical staff and mental health staff. Defendant Sauve is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the employees of the Jail alleged herein were committed. As such, Defendant Sauve was charged to ensure that staff at the Marinette County Jail were appropriately trained. Defendant Sauve is being sued in his individual and official capacities.

7. Defendant Chief Deputy James M. Hansen ("Hansen") is and was at all times mentioned herein the Chief Deputy of the Marinette County Sheriff's Department, with a principal place of business located at 2161 University Avenue, Marinette, WI 54143.

8. Hansen was responsible for the administration of the Sheriff's Department and for the supervision, training, and hiring of persons, agents, and employees working within the Sheriff's Department, including custody Deputies, supervisors and deputies, nurses, doctors, physician assistants, medical staff and mental health staff. As such, Defendant Hansen was

charged to ensure that staff at the Marinette County Jail were appropriately trained. Defendant Hansen is being sued in his individual and official capacities.

9. Defendant Deputy Don Behrendt ("Behrendt") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

10. Defendant Deputy Casey Behnke ("Behnke") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

11. Defendant Deputy Brian Wruk ("Wruk") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

12. Defendant Deputy Nielsen ("Nielsen") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

13. Defendant Deputy Brent Hill ("Hill") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

14. Defendant Deputy Robert Majewski ("Majewski") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the

Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

16. Defendant Deputy Michael Chapman ("Chapman") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as an Deputy within the Sheriff's Department.

16. Defendants John Doe are designated as Defendants by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendants are unknown to Plaintiffs at this time and that said designation represents one or more individuals, which, upon information, were at all relevant times alleged herein employees of the Sheriff's Department, including but not limited to the Sheriff's Department's supervisory staff, deputies, medical personnel, and others, including but not limited to staff of the jail medical department, who were involved in the treatment and death of Mr. Teteak.

17. That upon information and belief, the Defendant ABC Insurance Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more insurance companies which, upon information and belief at all times material hereto, had in full force and effect a policy or polices of insurance providing coverage to Defendant County and its employees and contractors, and upon information and belief, by virtue of said policy or policies of insurance, ABC Insurance Company is obligated to pay all sums which Defendant County may become legally obligated to pay as to which said insurance applies and subject to the terms, conditions and limitations and exclusions contained in said policy. And further, said ABC Insurance Company is obligated to defend County, its employees and

contractors against claims made against it by Plaintiffs in the above titled litigation; and that by the reason thereof, ABC Insurance Company is a proper Defendant in this action.

18. Advanced Correctional Healthcare, Inc. ("Advanced Correctional") is a foreign corporation authorized to do business in the State of Wisconsin, with a principal place of business located at 3922 W. Baring Trace, Peoria, IL 61615-2500.

19. Upon information and belief at all times material hereto, Advanced Correctional held a contract with Marinette County to provide physical and mental health treatment of inmates at the Marinette County Jail.

20. Defendant Lisa J. Swanson is an adult residing at 609 Madison Street, Oconto, WI, and at all times material hereto was a licensed practical nurse in the State of Wisconsin.

21. Upon information and belief, Defendant Lisa J. Swanson was, at all relevant times mentioned herein, employed by Advanced Correctional. She is being sued in her individual capacity and official capacity as a nurse within the Sheriff's Department.

22. Defendants Harry Doe are designated as Defendants by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendants are unknown to Plaintiffs at this time, and that said designation represents one or more individuals which, upon information and belief, were employees of Advanced Correctional and provided medical and mental health treatment to decedent, David L. Teteak in April and May 2016.

23. That upon information and belief, the Defendant DEF Insurance Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more insurance companies which, upon information and belief at all times material hereto, had in full force and effect a policy or polices of insurance providing coverage to

Defendant Advanced Correctional Healthcare and its employees and contractors and, upon information and belief, by virtue of said policy or policies of insurance, DEF Insurance Company is obligated to pay all sums which Defendant Advanced Correctional Healthcare may become legally obligated to pay as to which said insurance applies and subject to the terms, conditions and limitations and exclusions contained in said policy. And further, said DEF Insurance Company is obligated to defend Advanced Correctional Healthcare, its employees and contractors against claims made against it by Plaintiffs in the above titled litigation; and that by the reason thereof, DEF Insurance Company is a proper Defendant in this action.

24. Defendant ABC Paramedic Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more companies which, upon information and belief, provided paramedic and ambulance services to decedent, David L. Teteak, on May 6, 2018.

25. Defendants Jane Doe are designated as Defendants by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendants are unknown to Plaintiffs at this time and that said designation represents one or more individuals that were employed by ABC Paramedic Services and, upon information and belief, provided paramedic and ambulance services to decedent, David L. Teteak, on May 6, 2018.

26. That upon information and belief, the Defendant HIJ Insurance Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more insurance companies which, upon information and belief at all times material hereto, had in full force and effect a policy or polices of insurance providing coverage to

Defendant ABC Paramedic Company and its employees and contractors and, upon information and belief, by virtue of said policy or policies of insurance, HIJ Insurance Company is obligated to pay all sums which Defendant ABC Paramedic Company may become legally obligated to pay as to which said insurance applies and subject to the terms, conditions and limitations and exclusions contained in said policy. And further, said HIJ Insurance Company is obligated to defend ABC Paramedic Company, its employees and contractors against claims made against it by Plaintiffs in the above titled litigation; and that by the reason thereof, HIJ Insurance Company is a proper Defendant in this action.

## JURISDICTION AND VENUE

27. This is a civil action seeking damages and attorney's fees for federal claims, namely, violations of the 8th and 14th amendments to United States Constitution and 42 U.S.C. § 1983, and as against Defendants Advanced Correctional Healthcare, Harry Doe, DEF Insurance Company, ABC Paramedic Company, Jane Doe, and HIJ Insurance Company also for negligence.

28. The claims alleged herein arose in the City and County of Marinette, Wisconsin. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are located or reside in the Eastern District of Wisconsin, particularly the Green Bay Division.

29. The jurisdiction of this Court over the federal claims is proper pursuant to 28 U.S.C. §§ 1331 and 1343 and under § 1332 as to the Defendants identified in Paragraph 27, *supra*. This Court has jurisdiction over any state law claims that may be alleged pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal claims.

30. The Court has personal jurisdiction over the County due to its location within the Eastern District of Wisconsin and its violations of the Plaintiffs' constitutional rights within this District.

31. The Court has personal jurisdiction over the individual Defendants due to their residency and employment within the Eastern District of Wisconsin and their contribution to the systematic violations of the Plaintiffs' constitutional rights within this District.

32. All actions described in this Complaint on the part of Marinette County and the individual Defendants were taken under color of state law and constitute state action.

33. None of the constitutional claims alleged against any of the Defendants require Plaintiffs to comply with any condition precedent prior to commencing this action.

## FACTUAL BACKGROUND

34. That on April 3, 2016, decedent, David L. Teteak, was driving his vehicle westbound on Highway 64 and was the victim of a road rage incident at the hands of another motorist.

35. David L. Teteak suffered several head and facial fractures and injuries as a result of the incident of April 3, 2016.

36. David L. Teteak reported said incident to the Marinette County Sheriff's Department on April 3, 2016.

37. That upon information and belief, the sheriff's department failed to do an adequate investigation of the incident of April 3, 2016, and instead referred the matter to the district attorney's office for prosecution of Teteak.

38. That upon information and belief, David L. Teteak was on probation at the time of the incident of April 3, 2016, and as a result of said incident and inadequate investigation done

by the Marinette County Sheriff's department, his probation was revoked and he was taken into custody and placed in the Marinette County Jail on April 13, 2016.

39. That on April 13, 2016, prescription medications that David Teteak was currently taking were dropped off at the Marinette County Jail so David Teteak could continue taking his medications.

40. Mr. Teteak suffered from disorders and had specific medications prescribed to him that he needed to continue taking to treat his conditions.

41. That employees of the County and Advanced Correctional Healthcare were charged with providing physical and mental health care to David L. Teteak, including providing him his prescription medications, but failed to do so.

42. That on May 2, 2016, David L. Teteak was transported to Bay Area Medical Center as a result of being extremely anxious in his holding cell to the point his breathing was irregular and he was shaking. Medical personnel at Bay Area Medical Center diagnosed his symptoms relating to running out of benzodiazepine medication and withdrawal while in jail and having an anxiety reaction.

43. On May 3, 2016, David L. Teteak was transported back to the Marinette County Jail.

44. That on May 6, 2016, between 9:00 AM and 9:30 AM, the sheriff's department observed David L. Teteak laying on the floor with blood all over his cell as and on his elbows, arms, clothes, bunk and cell, as Teteak had been striking his elbows within his cell, causing them to bleed profusely. David L. Teteak was stating he wanted to kill himself, and he was sweating profusely and was not making sense.

45. Upon information and belief, Teteak stated on May 6, 2016, that corrections officers were trying to kill him and would not give him his medications.

46. That Defendant Lisa Swanson was notified of Teteak's dire condition but indicated it was not an emergency, denied David L. Teteak was going into shock, and did nothing meaningful to treat his deteriorating condition.

47. Defendants Wruk, Bill, and Behrendt wiped blood off of Teteak, cut off his clothes, and put David L. Teteak in a suicide smock, and he was moved to Seg A-3.

48. That on May 6, 2016, between 3:00 and 4:00 PM, Lisa Swanson and deputies of the Marinette County Sheriff's Department, including Majewski, Chapman, Wruk, Behrendt, and Nielsen, observed that Teteak was continuing to bleed from both elbows. David L. Teteak was refusing commands and was now shaking. A rescue squad was paged, and ABC Paramedic Company arrived at approximately 4:06 PM.

49. That David L. Teteak refused to get on the gurney and became agitated when ABC Paramedic Company arrived. David L. Teteak was put to the ground by deputies of the sheriff's department.

50. That Jane Doe represents one more employees of ABC Paramedic Company who administered midazolam into each thigh of David L. Teteak once he was on the ground on May 6, 2017.

51. That upon the midazolam being injected, David L. Teteak went limp, stopped breathing, began to turn gray, and his heart stopped beating. He lost consciousness and never regained it. He died as a consequence of his treatment by all Defendants.

52. That upon information and belief, before administering the midazolam, Jane Doe stated that this administration could "code him."

53. That ABC Paramedic Company and Jane Doe, which represents one or more employees, were also negligent in their care and treatment of David L. Teteak, resulting in damages to Plaintiffs.

54. That Jane Doe and deputies of the sheriff's department attempted to resuscitate David L. Teteak.

55. That David L. Teteak was transported to Bay Area Medical Center on May 6, 2016, at approximately 5 PM.

56. That on May 7, 2016, employees of County, including Behrendt, refused to initially provide information to Nancy Teteak on the whereabouts of David L. Teteak. After much persistence, Nancy Teteak was eventually only told that David L. Teteak had been hospitalized but falsely informed that "he was fine."

57. That on May 9, 2016, Kent Hoffman, Assistant District Attorney for Marinette County, indicated he was not going to charge David L. Teteak from the April 3, 2016, road rage incident.

58. Mr. Teteak was 44 years old on May 11, 2016, the day of his death.

59. Plaintiffs allege on information and belief that Mr. Teteak was not provided prescription medications, including but not limited to Clonazepam and Zonisamide, while incarcerated at the Marinette County Jail.

60. That as a result of not providing David L. Teteak with his prescription medications, including but not limited to Clonazepam and Zonisamide, David L. Teteak suffered withdrawal, panic disorders, sever anxiety and stress, seizures and ultimately death.

61. The responsibility for providing prescription medications, medical and mental health treatment was that of Defendants County, Sauve, Hansen, Behrendt, Behnke, Wruk,

- 12 -
Case 1:18-cv-00667-WCG   Filed 04/27/18   Page 12 of 16   Document 1

Nielsen, Hill, Majewski, Chapman, John Doe, Advanced Correctional Healthcare, Lisa Swanson, and Harry Doe.

62. That Defendants County and Advanced Correctional Healthcare failed to have adequate policies and procedures in place for medical and mental health treatment of inmates, including providing prescription medications, especially medications that created a risk of injury or death upon withdrawal.

63. Plaintiffs allege on information and belief that all Defendants associated with Marinette County and Advanced Correctional Healthcare unreasonably withheld necessary prescribed medication from Mr. Teteak during his incarceration at the Marinette County Jail.

64. Plaintiffs allege, upon information and belief, that all Defendants associated with Marinette County and Advanced Correctional Healthcare failed to provide Mr. Teteak with the medication he was prescribed that led to the deterioration of Mr. Teteak's mental and physical health prior to the events of May 6, 2016.

65. Plaintiffs allege, upon information and belief, that all Defendants associated with Marinette County and Advanced Correctional Healthcare failed to properly respond to Mr. Teteak's medical issues on May 6, 2016, that subsequently contributed to his death.

66. Defendants failed to provide Mr. Teteak with appropriate medical care during his incarceration in the Marinette County Jail. Defendants violated Mr. Teteak's constitutionally protected rights by engaging in various acts including but not limited to:

    a. Failing to provide Mr. Teteak with prescription medications including, but not limited to, Clonazepam and Zonisamide as he was prescribed;

b. Failing to properly taper off Mr. Teteak's prescription medications including, but not limited to, Clonazepam and Zonisamide as recommended by medical doctors;

c. Restraining Mr. Teteak in the safety cell despite his physical injuries;

d. Failing to adequately treat Mr. Teteak while in custody of the Marinette County Sheriff's Department.

67. On May 6, 2016, Defendants moved Mr. Teteak to the safety cell at the Marinette County Jail due to injuries Mr. Teteak sustained to his elbows. Mr. Teteak subsequently required additional medical attention in the safety cell as a result of his injuries. In responding to Mr. Teteak's injuries, Defendants violated Mr. Teteak's constitutionally protected rights by engaging in various acts including but not limited to:

a. The use of excessive and unreasonable force, including but not limited to exerting pressure on Mr. Teteak to hold him against the floor;

b. The unreasonably prolonged use of force on Mr. Teteak while he was restrained face-down on the floor;

c. The unreasonable failure to stop engaging in dangerous and high-risk restraint techniques when Mr. Teteak began to stop breathing because the force used by Defendants was causing him to asphyxiate; and

d. The unreasonable injection of a sedative into Mr. Teteak while Mr. Teteak was restrained face-down on the floor.

68. As a result of the wrongful acts of all Defendants, Plaintiff Derick Teteak was deprived of his constitutional right to family relationship and the society and companionship of his father.

69. As a result of the wrongful acts of all Defendants, the Estate of David Teteak claims as damages the loss of his right to life and of the physical injuries, pain, emotional anguish, and trauma he suffered prior to his death and for funeral expenses.

70. Each individual Defendant acted recklessly or with deliberate and callous indifference to Mr. Teteak's mental and physical condition and constitutional rights.

71. By virtue of 42 U.S.C. § 1988 Plaintiffs are entitled to and demand an award of reasonable attorney fees and costs according to proof.

72. Mr. Teteak was subject to the deprivation of rights by Defendants, acting or pretending to act under color of law and of statutes, or ordinances, regulations, customs and usages of the law of the United States, and State of Wisconsin which rights include, but are not limited to, privileges and immunities secured to Mr. Teteak by the Constitution and laws of the United States. By reason of the acts specified herein, Defendants violated the constitutional rights and liberty interests of Mr. Teteak, including those provided in the Eighth and/or Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

3. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated this 27th day of April, 2018.

                LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                Attorneys for Plaintiff, Roma Franchise Corporation

                By: *s/George Burnett*
                      George Burnett, State Bar No. 1005964

<u>POST OFFICE ADDRESS</u>:
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Telephone:    (920) 437-0476
Facsimile:     (920) 437-2868
E-Mail:       gb@lcojlaw.com
*(201705.051-#2836371)*