ESTATE OF DAVID L. TETEAK, and
NANCY TETEAK, as personal representative
for the ESTATE OF DAVID L. TETEAK, and
DERICK TETEAK,

                       Plaintiffs,

       v.

THE COUNTY OF MARINETTE, Sheriff
JEROME T. SAUVE, Chief Deputy JAMES
M. HANSEN, Deputy DON BEHRENDT,
Deputy CASEY BEHNKE, Deputy BRIAN
WRUK, Deputy NIELSEN, Deputy BRENT
HILL, Deputy ROBERT MAJEWSKI, Deputy
MICHAEL CHAPMAN, JOHN DOE, One or
more employees of the County of Marinette,
ABC INSURANCE COMPANY,
ADVANCED CORRECTIONAL
HEALTHCARE, INC., LISA SWANSON,
LPN, HARRY DOE, One or more employees
of Advanced Correctional Healthcare, Inc.,
DEF Insurance Company,

                       Defendants.

No. 1:18-cv-00667-WCG

Chief Judge William C. Griesbach

**JURY DEMANDED**

## ACH DEFENDANTS' ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC. ("ACH") and

LISA SWANSON, LPN ("Nurse Swanson") (collectively, the "ACH Defendants"), by and

through their attorneys, Matthew H. Weller, John J. Reid, Ronald E. Neroda, and Miguel E.

Larios of CASSIDAY SCHADE LLP, pursuant to Fed. R. Civ. P. 8, and for their Answer, Jury

Demand, and Affirmative Defenses to Plaintiff's Amended Complaint, hereby plead as follows:

## PARTIES

1. Plaintiff Nancy Teteak ("Ms. Teteak") is the mother of David L. Teteak and personal representative of the Estate of David L. Teteak and is an adult residing at W10929 W. 4th Road, Pound, WI 54161.

**ANSWER:    ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.**

2. Plaintiff Derick Teteak ("Derick") is an adult residing at W10931 W. 4th Road, Pound, WI 54161, and is the son of David L. Teteak.

**ANSWER:    ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.**

3. Defendant County of Marinette ("County") is a governmental entity organized and operating pursuant to the Constitution and the laws of the State of Wisconsin, a public entity, with a principal place of business located at 1926 Hall Avenue, Marinette, WI 54143.

**ANSWER:    ACH Defendants admit the allegations contained in paragraph 3.**

4. At all times relevant to the facts alleged herein, Defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Sheriff's Department, their employees and agents, complied with the laws of the State of Wisconsin and the Constitution of the United States.

**ANSWER:    ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.**

5. Defendant Sheriff Jerome T. Sauve ("Sauve") is and was at all times mentioned herein the Sheriff of Marinette County, with a principal place of business located at 2161 University Avenue, Marinette, WI 54143.

2

**ANSWER:** **ACH Defendants admit the allegations contained in paragraph 5.**

6. Sauve is responsible for the administration of the Sheriff's Department and for the supervision, training, and hiring of persons, agents, and employees working within the Sheriff's Department, including custody Deputies, supervisors and deputies, nurses, doctors, physician assistants, medical staff and mental health staff. Defendant Sauve is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the employees of the Jail alleged herein were committed. As such, Defendant Sauve was charged to ensure that staff at the Marinette County Jail were appropriately trained. Defendant Sauve is being sued in his individual and official capacities.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.**

7. Defendant Chief Deputy James M. Hansen ("Hansen") is and was at all times mentioned herein the Chief Deputy of the Marinette County Sheriff's Department, with a principal place of business located at 2161 University Avenue, Marinette, WI 54143.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.**

8. Hansen was responsible for the administration of the Sheriff's Department and for the supervision, training, and hiring of persons, agents, and employees working within the Sheriff's Department, including custody Deputies, supervisors and deputies, nurses, doctors, physician assistants, medical staff and mental health staff. Defendant Hansen is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the employees of the Jail alleged herein were committed. As such, Defendant Hansen was charged to ensure that staff at the Marinette County

Jail were appropriately trained. Defendant Hansen is being sued in his individual and official capacities.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.**

9.    Defendant Deputy Don Behrendt ("Behrendt") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.**

10.    Defendant Deputy Casey Behnke ("Behnke") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.**

11.    Defendant Deputy Brian Wruk ("Wruk") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.**

12.     Defendant Deputy Nielsen ("Nielsen") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.**

13.     Defendant Deputy Brent Hill ("Hill") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.**

14.     Defendant Deputy Robert Majewski ("Majewski") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as a Deputy within the Sheriff's Department.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.**

15.     Defendant Deputy Michael Chapman ("Chapman") was, at all relevant times mentioned herein, employed by the Sheriff's Department as a correctional Deputy at the Marinette County Jail. He is being sued in his individual and official capacity as an Deputy within the Sheriff's Department.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.**

16.     Defendants John Doe are designated as Defendants by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendants are unknown to Plaintiffs at this time and that said designation represents one or more individuals, which, upon information, were at all relevant times alleged herein employees of the Sheriff's Department, including but not limited to the Sheriff's Department's supervisory staff, deputies, medical personnel, and others, including but not limited to staff of the jail medical department, who were involved in the treatment and death of Mr. Teteak.

**ANSWER:    ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.**

17.     That upon information and belief, the Defendant ABC Insurance Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more insurance companies which, upon information and belief at all times material hereto, had in full force and effect a policy or polices of insurance providing coverage to Defendant County and its employees and contractors, and upon information and belief, by virtue of said policy or policies of insurance, ABC Insurance Company is obligated to pay all sums which Defendant County may become legally obligated to pay as to which said insurance applies and subject to the terms, conditions and limitations and exclusions contained in said policy. And further, said ABC Insurance Company is obligated to defend County, its employees and contractors against claims made against it by Plaintiffs in the above titled litigation; and that by the reason thereof, ABC Insurance Company is a proper Defendant in this action.

**ANSWER:    ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.**

18.     Advanced Correctional Healthcare, Inc. ("Advanced Correctional") is a foreign corporation authorized to do business in the State of Wisconsin, with a principal place of business located at 3922 W. Baring Trace, Peoria, IL 61615-2500.

**ANSWER:     ACH Defendants admit that Advanced Correctional Healthcare, Inc. ("ACH") is an Illinois corporation authorized to do business in the State of Wisconsin, with a principal place of business located at 3922 West Baring Trace, Peoria, IL 61615-2500.**

19.     Upon information and belief at all times material hereto, Advanced Correctional held a contract with Marinette County to provide physical and mental health treatment of inmates at the Marinette County Jail.

**ANSWER:     ACH Defendants admit that in 2016 ACH held a contract with Marinette County to provide certain healthcare services to inmates at the Marinette County Jail.**

20.     Defendant Lisa J. Swanson is an adult residing at 609 Madison Street, Oconto, WI, and at all times material hereto was a licensed practical nurse in the State of Wisconsin.

**ANSWER:     ACH Defendants admits the allegations contained in paragraph 20.**

21.     Upon information and belief, Defendant Lisa J. Swanson was, at all relevant times mentioned herein, employed by Advanced Correctional. She is being sued in her individual capacity and official capacity as a nurse within the Sheriff's Department.

**ANSWER:     ACH Defendants admit that Nurse Swanson was employed by ACH in 2016. ACH Defendants further admit that Plaintiffs purport to sue Nurse Swanson in her individual and official capacity as a nurse within the Sheriff's Department.**

22.     Defendants Harry Doe are designated as Defendants by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendants are unknown to Plaintiffs at this time, and that said designation represents one or more individuals which, upon

7

information and belief, were employees of Advanced Correctional and provided medical and mental health treatment to decedent, David L. Teteak in April and May 2016.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.**

23. That upon information and belief, the Defendant DEF Insurance Company is designated as a Defendant by a fictitious name pursuant to the provisions of Wis. Stats. § 807.12 on the basis that said Defendant is unknown to Plaintiffs at this time and that said designation represents one or more insurance companies which, upon information and belief at all times material hereto, had in full force and effect a policy or polices of insurance providing coverage to Defendant Advanced Correctional Healthcare and its employees and contractors and, upon information and belief, by virtue of said policy or policies of insurance, DEF Insurance Company is obligated to pay all sums which Defendant Advanced Correctional Healthcare may become legally obligated to pay as to which said insurance applies and subject to the terms, conditions and limitations and exclusions contained in said policy. And further, said DEF Insurance Company is obligated to defend Advanced Correctional Healthcare, its employees and contractors against claims made against it by Plaintiffs in the above titled litigation; and that by the reason thereof, DEF Insurance Company is a proper Defendant in this action.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.**

### JURISDICTION AND VENUE

24. This is a civil action seeking damages and attorney's fees for federal claims, namely, violations of the 8th and 14th amendments to United States Constitution and 42 U.S.C. § 1983, and as against all Defendants.

**ANSWER:** ACH Defendants admit that this is a purported civil action seeking damages and attorney's fees for federal claims brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution against all defendants, but deny any alleged constitutional violation.

25.     The claims alleged herein arose in the City and County of Marinette, Wisconsin. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are located or reside in the Eastern District of Wisconsin, particularly the Green Bay Division.

**ANSWER:** ACH Defendants admit that venue is proper in the Eastern District of Wisconsin. ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of where other defendants are located or reside.

26.     The jurisdiction of this Court over the federal claims is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** ACH Defendants admit that this Court has subject matter jurisdiction to hear this cause pursuant to 29 U.S.C. §§ 1331 and 1343.

27.     The Court has personal jurisdiction over the County due to its location within the Eastern District of Wisconsin and its violations of the Plaintiffs' constitutional rights within this District.

**ANSWER:** ACH Defendants admit only that the Court has personal jurisdiction over Defendants. ACH Defendants deny the remaining allegations contained in paragraph 27.

28.     The Court has personal jurisdiction over the individual Defendants due to their residency and employment within the Eastern District of Wisconsin and their contribution to the systematic violations of the Plaintiffs' constitutional rights within this District.

9

**ANSWER:** **ACH Defendants admit that this Court has personal jurisdiction over Nurse Swanson due to her residency and employment within the Eastern District of Wisconsin. ACH Defendants admit that this Court has personal jurisdiction over ACH on the basis that it conducts business within the Eastern District of Wisconsin. ACH Defendants deny the remaining allegations contained in paragraph 28.**

29. All actions described in this Complaint on the part of Marinette County and its employees, Advanced Correctional Healthcare, Inc. and Lisa Swanson, LPN, were taken under color of state law and constitute state action.

**ANSWER:** **ACH Defendants deny the allegations contained in paragraph 29 as it states a legal conclusion.**

30. None of the constitutional claims alleged against any of the Defendants require Plaintiffs to comply with any condition precedent prior to commencing this action.

**ANSWER:** **ACH Defendants deny the allegations contained in paragraph 30.**

### FACTUAL BACKGROUND

31. That on April 3, 2016, decedent, David L. Teteak, was driving his vehicle westbound on Highway 64 and was the victim of a road rage incident at the hands of another motorist.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31.**

32. David L. Teteak suffered several head and facial fractures and injuries as a result of the incident of April 3, 2016.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32.**

33. David L. Teteak reported said incident to the Marinette County Sheriff's Department on April 3, 2016.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33.**

34. That upon information and belief, the sheriff's department failed to do an adequate investigation of the incident of April 3, 2016, and instead referred the matter to the district attorney's office for prosecution of Teteak.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34.**

35. That upon information and belief, David L. Teteak was on probation at the time of the incident of April 3, 2016, and as a result of said incident and inadequate investigation done by the Marinette County Sheriff's department, his probation was revoked and he was taken into custody and placed in the Marinette County Jail on April 13, 2016.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35.**

36. That on April 13, 2016, prescription medications that David Teteak was currently taking were dropped off at the Marinette County Jail so David Teteak could continue taking his medications.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36.**

37. Mr. Teteak suffered from disorders and had specific medications prescribed to him that he needed to continue taking to treat his conditions.

**ANSWER: ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37.**

38.     That employees of the County and Advanced Correctional Healthcare were charged with providing physical and mental health care to David L. Teteak, including providing him his prescription medications, but failed to do so.

**ANSWER: ACH Defendants deny the allegations contained in paragraph 38.**

39.     That on May 2, 2016, David L. Teteak was transported to Bay Area Medical Center as a result of being extremely anxious in his holding cell to the point his breathing was irregular and he was shaking. Medical personnel at Bay Area Medical Center diagnosed his symptoms relating to running out of benzodiazepine medication and withdrawal while in jail and having an anxiety reaction.

**ANSWER: ACH Defendants admit that on May 2, 2016, David L. Teteak was transported to Bay Area Medical Center as a result of complaints of shortness of breath, pain in his legs, and elevated heart rate. ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 39.**

40.     On May 3, 2016, David L. Teteak was transported back to the Marinette County Jail.

**ANSWER: ACH Defendants admit the allegations contained in paragraph 40.**

41.     That upon information and belief, Mr. Teteak did not receive his clonazepam medication (a benzodiazepine) while an inmate at the Marinette County Jail between May 3 – May 6, 2016.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41.**

42.     That on May 6, 2016, between 9:00 AM and 9:30 AM, the sheriff's department observed David L. Teteak laying on the floor with blood all over his cell as and on his elbows, arms, clothes, bunk and cell, as Teteak had been striking his elbows within his cell, causing them to bleed profusely. David L. Teteak was stating he wanted to kill himself, and he was sweating profusely and was not making sense.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42.**

43.     Upon information and belief, Teteak stated on May 6, 2016, that corrections officers were trying to kill him and would not give him his medications.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43.**

44.     That Defendant Lisa Swanson was notified of Teteak's dire condition but indicated it was not an emergency, denied David L. Teteak was going into shock, and did nothing meaningful to treat his deteriorating condition.

**ANSWER:** **ACH Defendants deny the allegations contained in paragraph 44.**

45.     Defendants Wruk, Bill, and Behrendt wiped blood off of Teteak, cut off his clothes, and put David L. Teteak in a suicide smock, and he was moved to Seg A-3.

**ANSWER:** **ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45.**

46.     That on May 6, 2016, between 3:00 and 4:00 PM, Lisa Swanson and deputies of the Marinette County Sheriff's Department, including Majewski, Chapman, Wruk, Behrendt, and

Nielsen, observed that Teteak was continuing to bleed from both elbows. David L. Teteak was refusing commands and was now shaking. A rescue squad was paged, and Bay Area Medical Center Paramedics arrived at approximately 4:05 PM.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46.**

47.     That David L. Teteak refused to get on the gurney and became agitated when the paramedics arrived. David L. Teteak was put to the ground by deputies of the sheriff's department.

**ANSWER:     ACH Defendants admit the allegations contained in paragraph 47.**

48.     The paramedics administered midazolam into each thigh of David L. Teteak once he was on the ground on May 6, 2017.

**ANSWER:     ACH Defendants admit that the paramedics administered a sedative injection into David L. Teteak's leg, thigh, or buttocks while he was on the floor on May 6, 2016. ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 48.**

49.     That upon the midazolam being injected, David L. Teteak went limp, stopped breathing, began to turn gray, and his heart stopped beating. He lost consciousness and never regained it. He died as a consequence of his treatment by all Defendants.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49.**

50.     That paramedics and deputies of the sheriff's department attempted to resuscitate David L. Teteak.

**ANSWER:     ACH Defendants admit the allegations contained in paragraph 50.**

14

51. That David L. Teteak was transported to Bay Area Medical Center on May 6, 2016, at approximately 5 PM.

**ANSWER:     ACH Defendants admit the allegations contained in paragraph 51.**

52. That on May 7, 2016, employees of County, including Behrendt, refused to initially provide information to Nancy Teteak on the whereabouts of David L. Teteak. After much persistence, Nancy Teteak was eventually only told that David L. Teteak had been hospitalized but falsely informed her that "he was fine."

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52.**

53. That on May 9, 2016, Kent Hoffman, Assistant District Attorney for Marinette County, indicated he was not going to charge David L. Teteak from the April 3, 2016, road rage incident.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53.**

54. Mr. Teteak was 44 years old on May 11, 2016, the day of his death.

**ANSWER:     ACH Defendants admit the allegations contained in paragraph 54.**

55. Plaintiffs allege on information and belief that Mr. Teteak was not provided prescription medications, including but not limited to Clonazepam and Zonisamide, while incarcerated at the Marinette County Jail.

**ANSWER:     ACH Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55.**

56. That as a result of not providing David L. Teteak with his prescription medications, including but not limited to Clonazepam and Zonisamide, David L. Teteak suffered withdrawal, panic disorders, sever anxiety and stress, seizures and ultimately death.

**ANSWER: ACH Defendants deny the allegations contained in paragraph 56.**

57. The responsibility for providing prescription medications, medical and mental health treatment was that of Defendants County, Sauve, Hansen, Behrendt, Behnke, Wruk, Nielsen, Hill, Majewski, Chapman, John Doe, Advanced Correctional Healthcare, Lisa Swanson, and Harry Doe.

**ANSWER: ACH Defendants deny that paragraph 57 fully and accurately describes their responsibility for providing medical treatment at Marinette County Jail, and therefore denies the allegations contained in paragraph 57.**

58. That Defendants County and Advanced Correctional Healthcare failed to have adequate policies and procedures in place for medical and mental health treatment of inmates, including providing prescription medications, especially medications that created a risk of injury or death upon withdrawal.

**ANSWER: ACH Defendants deny the allegations contained in paragraph 58.**

59. Plaintiffs allege on information and belief that all Defendants associated with Marinette County and Advanced Correctional Healthcare unreasonably withheld necessary prescribed medication from Mr. Teteak during his incarceration at the Marinette County Jail.

**ANSWER: ACH Defendants deny the allegations contained in paragraph 59.**

60. Plaintiffs allege, upon information and belief, that all Defendants associated with Marinette County and Advanced Correctional Healthcare failed to provide Mr. Teteak with the

16

medication he was prescribed that led to the deterioration of Mr. Teteak's mental and physical health prior to the events of May 6, 2016.

**ANSWER:    ACH Defendants deny the allegations contained in paragraph 60.**

61.     Plaintiffs allege, upon information and belief, that all Defendants associated with Marinette County and Advanced Correctional Healthcare failed to properly respond to Mr. Teteak's medical issues on May 6, 2016, that subsequently contributed to his death.

**ANSWER:    ACH Defendants deny the allegations contained in paragraph 61.**

62.     Defendants failed to provide Mr. Teteak with appropriate medical care during his incarceration in the Marinette County Jail. Defendants violated Mr. Teteak's constitutionally protected rights by engaging in various acts including but not limited to:

    a.        Failing to provide Mr. Teteak with prescription medications including, but not limited to, Clonazepam and Zonisamide as he was prescribed;

    b.        Failing to properly taper off Mr. Teteak's prescription medications including, but not limited to, Clonazepam and Zonisamide as recommended by medical doctors;

    c.        Restraining Mr. Teteak in the safety cell despite his physical injuries;

    d.        Failing to adequately treat Mr. Teteak while in custody of the Marinette County Sheriff's Department.

**ANSWER:    ACH Defendants deny the allegations contained in paragraph 62, including subparagraph (a)-(d).**

63.     On May 6, 2016, Defendants moved Mr. Teteak to the safety cell at the Marinette County Jail due to injuries Mr. Teteak sustained to his elbows. Mr. Teteak subsequently required additional medical attention in the safety cell as a result of his injuries. In responding to Mr.

Teteak's injuries, Defendants violated Mr. Teteak's constitutionally protected rights by engaging in various acts including but not limited to:

a. The use of excessive and unreasonable force, including but not limited to exerting pressure on Mr. Teteak to hold him against the floor;

b. The unreasonably prolonged use of force on Mr. Teteak while he was restrained face-down on the floor; and

c. The unreasonable failure to stop engaging in dangerous and high-risk restraint techniques when Mr. Teteak began to stop breathing because the force used by Defendants was causing him to asphyxiate.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 63, including subparagraph (a)-(c).**

64.     As a result of the wrongful acts of all Defendants, Plaintiff Derick Teteak was deprived of his constitutional right to family relationship and the society and companionship of his parents and son, Derick Teteak.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 64.**

65.     As a result of the wrongful acts of all Defendants, the Estate of David Teteak claims as damages the loss of his right to life and of the physical injuries, conscious pain and suffering, emotional anguish, and trauma he suffered prior to his death, loss of past and future wages and earning capacity, and for funeral expenses.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 65.**

66.     Each individual Defendant acted recklessly or with deliberate and callous indifference to Mr. Teteak's mental and physical condition and constitutional rights.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 66.**

67.     By virtue of 42 U.S.C. § 1988 Plaintiffs are entitled to and demand an award of reasonable attorney fees and costs according to proof.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 67.**

68.     Mr. Teteak was subject to the deprivation of rights by Defendants, acting or pretending to act under color of law and of statutes, or ordinances, regulations, customs and usages of the law of the United States, and State of Wisconsin which rights include, but are not limited to, privileges and immunities secured to Mr. Teteak by the Constitution and laws of the United States. By reason of the acts specified herein, Defendants violated the constitutional rights and liberty interests of Mr. Teteak, including those provided in the Eighth and/or Fourteenth Amendment to the United States Constitution.

**ANSWER:     ACH Defendants deny the allegations contained in paragraph 68.**

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC. and LISA SWANSON, LPN, deny that Plaintiffs are entitled to any relief whatsoever, and pray for judgment in their favor and against Plaintiffs, with costs.

## ACH DEFENDANTS' AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

1.      Plaintiffs failed to state a claim upon which relief can be granted.

2.      The ACH Defendants are entitled to qualified immunity.[1]

3.      To the extent that Plaintiffs receive compensation pursuant to settlement with any party herein, the ACH Defendants are entitled to receive a dollar for dollar credit against a judgment entered against them, if any, for the amount of the settlement.

4.      At all times relevant to matters alleged in Plaintiff's Amended Complaint, the ACH Defendants acted in good faith in accordance with established laws and administrative rules.

5.      The action must be dismissed to the extent that it names Defendant Lisa Swanson, LPN in her official capacity.

6.      The injuries and damages sustained by David L. Teteak resulted from intervening and/or superseding causes.

7.      The injuries and damages sustained by David L. Teteak resulted from the natural progression of a prior condition, injury, or disease process and not the result of any action or inaction of the ACH Defendants.

8.      The injuries and damages sustained by David L. Teteak were caused by him.

9.      David L. Teteak failed to mitigate damages.

10.     The liability of the ACH Defendants, if any, is subject to Wis. State. § 893.80(3) and/or any other Wisconsin law that limits Plaintiffs' recovery of damages.

---

[1] The ACH Defendants recognize that the Seventh Circuit has held that employees of private medical contractors are not entitled to qualified immunity. *See Petties v. Carter*, 836 F.3d 722, 734 (7th Cir. 2016); *Currie v. Chhabra*, 728 F.3d 626, 632 (7th Cir. 2013). The ACH Defendants assert this affirmative defense solely to preserve the issue for appeal.

11.     Plaintiffs' claims are barred to the extent that they failed to comply with the Notice of Claim and Notice of Injury provisions of Wis. Stat. § 893.80(1).

12.     The ACH Defendants adopt any and all affirmative defenses raised by any other party in this cause.

13.     The ACH Defendants reserve the right to name additional affirmative defenses as they may become known through further discovery or otherwise in this action.


WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC. and LISA SWANSON, LPN, deny that Plaintiffs are entitled to any relief whatsoever, and pray for judgment in their favor and against Plaintiffs, with costs.

## JURY DEMAND

ACH Defendants demand a trial by jury on all issues herein triable.


Dated: August 21, 2018

Respectfully submitted,

By: */s/ Matthew H. Weller*
John J. Reid (WI #1057458)
CASSIDAY SCHADE LLP
111 East Wisconsin Avenue, Suite 2100
Milwaukee, Wisconsin 53202
(414) 224-1086
(414) 224-6044 – fax
jreid@cassiday.com

Matthew H. Weller (IL #6278685)
Ronald E. Neroda (IL #6297286)
Miguel E. Larios (IL #6301828)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, Illinois 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
rneroda@cassiday.com
mlarios@cassiday.com

*Counsel for Defendants Lisa Swanson, LPN and*
*Advanced Correctional Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically filed the foregoing document with the clerk of the court for Eastern District of Wisconsin, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

*/s/ Matthew H. Weller*