IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ESTATE OF DAVID L. TETEAK, and
NANCY TETEAK, as personal representative for
the ESTATE OF DAVID L. TETEAK,

and

DERICK TETEAK

Case No. 18-CV-667

    Plaintiffs,

vs.

THE COUNTY OF MARINETTE; Sheriff JEROME
T. SAUVE; Chief Deputy JAMES M. HANSEN;
Deputy DON BEHRENDT; Deputy CASEY BEHNKE;
Deputy BRIAN WRUK; Deputy NIELSEN;
Deputy BRENT HILL; Deputy ROBERT MAJEWSKI;
Deputy MICHAEL CHAPMAN; JOHN DOE, One or more
employees of the County of Marinette

and

ABC INSURANCE COMPANY

and

ADVANCED CORRECTIONAL HEALTHCARE, INC.,
LISA SWANSON, LPN, HARRY DOE, One or more employees of
Advanced Correctional Healthcare, Inc.

and

DEF INSURANCE COMPANY

and

ABC PARAMEDIC COMPANY, JANE DOE, One or more employees
of ABC Paramedic Company, and HIJ INSURANCE COMPANY

    Defendants.

# JOINT RULE 26(f) REPORT

Pursuant to the Court's Order of August 22, 2018 and Fed. R. Civ. P. 26(f), and in anticipation of the **September 19, 2018 Rule 16(b) scheduling conference at 9:20 a.m.**, counsel for the Plaintiffs and counsel for the Defendants met and conferred via a telephone call on the afternoon of September 5, 2018, regarding a discovery plan and case schedule. As a result of that consultation, the parties submit this Joint Rule 26(f) Report.

The parties propose the following discovery plan:

    A.    The parties will provide initial disclosures required by Rule 26(a)(1) by September 27, 2018. No other changes are required with respect to the timing, form, or requirement for disclosures under Rule 26(a).

    B.    General fact discovery may be needed with respect to the basis for the parties' claims and defenses. The parties do not believe that discovery need be conducted in phases or limited to or focused on particular issues.

    C.    The parties believe that electronically stored information may be requested in this case and agree to discuss the format of the production of electronically stored information prior to the production of such information if such production is voluminous. The parties do not anticipate any disputes with regard to the discovery of electronically stored information but will promptly address any issues that do arise during the course of discovery.

    D.    The parties do not, at this time, anticipate the need for a protective order under Rule 26(c), but reserve their rights to request such documents should further discovery reveal a need to do so.

E. At this time, the Plaintiff requests to make a change to the limitations on discovery imposed under Federal Rules of Civil Procedure. Plaintiff requests expanding depositions to fifteen, due to nine Defendants being named in the case and anticipated experts. All other limitations remain in place.

F. The parties are not aware of any need for the production of documents subject to privilege or work product protection, but reserve their rights to request such documents should further discovery reveal a need to do so. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the parties agree that the production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent

G. The parties propose the following discovery deadlines:

1. Discovery is to be completed no later than June 30, 2019.

2. Plaintiff's Rule 26(a)(2) expert disclosures are due no later than January 30, 2019.

3. Defendant's Rule 26(a)(2) expert disclosures are due no later than April 30, 2019.

In addition to the above-discovery plan, the parties submit the following information pursuant to the Court's direction:

H. **Nature of Case.** This case arises out of an accident that Plaintiff, David L. Teteak, was involved in on April 3, 2016, and as a result of said incident, his probation was revoked and he was taken into custody and placed in the Marinette County Jail. Plaintiff suffered from medical disorders and had specific medications prescribed to him that he needed to continue taking to treat his conditions. Plaintiff was transported to Bay Area Medical Center as a

result of being extremely anxious in his holding cell to the point his breathing was irregular and he was shaking. Medical personnel at Bay Area Medical Center diagnosed his symptoms relating to running out of benzodiazepine medication and withdrawal while in jail and having an anxiety reaction. Plaintiff was then transported back to the Marinette County Jail, where he proceeded to strike his elbows within his cell, causing them to bleed profusely . Plaintiff refused to get on the gurney and became agitated when the rescue squad was called. Plaintiff was put to the ground by deputies of the sheriff's department. The paramedics administered midazolam into each thigh of the Plaintiff. That upon the midazolam being injected, Plaintiff went limp, stopped breathing, began to turn gray, and his heart stopped beating. He lost consciousness and never regained it. He died on May 11, 2016. The Plaintiff alleges the violation of the 8th Amendment and failure of care by the medical personnel names as Defendants. The Defendants deny all liability.

  I.  **<u>Amendment of Pleadings</u>**. The parties agree that all amendments to pleadings, including any counterclaims or cross-claims, shall be filed by December 3, 2018.

  J.  **<u>Joinder of Parties</u>**. The parties do not anticipate any joinder of additional parties. However, the parties reserve their right to join additional parties within the time permitted under any scheduling order entered by the Court.

  K.  **<u>Nature of Discovery Contemplated</u>**. The parties anticipate conducting both written and oral discovery. The proposed deadlines are outlined above.

  L.  **<u>Motions Contemplated</u>**. The parties discussed the potential for dispositive motions and agree that all dispositive motions shall be filed by July 30, 2019. The parties reserve the right to file any other motions as necessary and will work together in good faith to attempt to avoid any discovery motions.

M. **Admissions and Stipulations.** The parties will work cooperatively to make appropriate stipulations regarding the authenticity of documents and undisputed facts in order to avoid unnecessary proof.

N. **Advance Rulings.** The parties will attempt to bring to the Court's attention at the earliest possible time any issues relating to admissibility of evidence on which an advance ruling would be helpful.

O. **Limitations of Testimony under Rule 702.** The parties, at this time, are not aware of the need to limit the use of testimony under Rule 702 of the Federal Rules of Evidence.

P. **Estimated Trial Length.** The parties believe the trial on all claims will require five (5) day(s).

Q. **Request of Jury Trial.** Defendants will request a jury trial for late Fall, 2019.

R. **Alternative Dispute Resolution.** In the event the parties are unable to negotiate or agree upon the terms of resolution on their own, then the parties plan to request a settlement conference. The parties will promptly inform the Court of any settlement.

S. **Participation in Fed. R. Civ. P. 16(b) Scheduling Conference.** Attorney George Burnett will participate on behalf of the Plaintiffs. He can be reached at (920) 437-0476. Attorney John J. Reid will participate on behalf of Defendants, Lisa Swanson and Advanced Correctional Healthcare, Inc. He can be reached at (414) 224-1086. Attorney Sara Mills will participate on behalf of all other Defendants. She can be reached at (414) 271-7722.

Dated this 12th day of September, 2018.

                        LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                        Attorneys for Plaintiffs

                        By: *s/George Burnett*
                            George Burnett
                            gb@lcojaw.com

**POST OFFICE ADDRESS:**
231 S. Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax (920) 437-2868
State Bar No. 1005964


Dated this 12th day of September, 2018.

                        CASSIDAY SCHADE, LLP
                        Attorneys for Defendants, Lisa Swanson and Advanced
                        Correctional Healthcare, Inc.


                        By: *s/John J. Ried*
                            John J. Ried
                            jjr@cassiday.com

**POST OFFICE ADDRESS:**
Cassiday Schade LLP
111 E Wisconsin Ave – Ste. 2100
Milwaukee, WI 53202
Phone: (414) 224-1086
Fax: (414) 224-6044
State Bar No. 1057458

Dated this 12th day of September, 2018.

>CRIVELLO CARLSON SC
>Attorneys for Defendants, The County of Marinette, Brent Hill, Brian Wruk, Casey Behnke, Deputy Nielsen, Donald Behrendt, James Hansen, Jerome Sauve, Michael Chapman and Robert Majewski
>
>By: *s/Sara C. Mills*
>Sara C. Mills
>smills@crivellocarlson.com

**POST OFFICE ADDRESS:**
Crivello Carlson SC
The Empire Building
710 N Plankinton Ave – Ste. 500
Milwaukee, WI 53203-2404
Phone: (414) 271-7722
Fax: (414) 271-4438
State Bar No. 1029470
#2926936