UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF DAVID L. TETEAK, et al.,

Plaintiffs,

v.                                                                          Case No. 18-C-667

THE COUNTY OF MARINETTE, et al.,

Defendants.

## DECISION AND ORDER

This matter comes before the court on Plaintiffs' motions to compel and for contempt and sanctions, requesting that the court hold the County of Marinette in contempt, strike the County's answer to the amended complaint, and award Plaintiffs their fees and costs associated with bringing this motion and the motion to compel. The court held a hearing on the motion for contempt and sanctions on October 4, 2019. For the following reasons, the motion to compel will be granted but the motion for contempt and sanctions will be denied.

## BACKGROUND

On April 13, 2016, David Teteak was incarcerated at the Marinette County Jail. Shortly after his incarceration, his prescription medications were dropped off at the Jail, so that he could continue taking them. Plaintiffs claim Defendants failed to provide Teteak with his prescription medications, including Clonazepam and Zonisamide, and Teteak suffered withdrawal, panic disorders, severe anxiety and stress, and seizures, and his untimely death as a result. Plaintiffs filed this action on April 27, 2018, asserting that Marinette County and Advanced Correctional Healthcare, Inc. failed to have adequate policies and procedures in place for medical and mental

health treatment of inmates and that Defendants acted with deliberate indifference to Teteak's mental and physical condition and constitutional rights.

On October 1, 2018, Plaintiffs served requests for production of documents requesting that the County "produce all records, files, notes, memos, or any and all other writings of any inmates or relatives of the inmates of the Marinette County Jail complaining of not getting their medication from 2010 – present." Dkt. No. 58-1 at 7. Although the County objected, asserting that the documents are not maintained in a way that would permit the County to efficiently obtain every potentially responsive record, it produced a document containing inmate grievances regarding medication from 2016 but redacted the names of the inmates who made the grievances. Plaintiffs filed a motion to compel on March 13, 2019. The court held a hearing on the motion on April 4, 2019. At the hearing, the court directed the County to provide grievances and medical complaints from 2014 and 2015 regarding the denial of medications ordered by a doctor.

After the hearing, counsel for the County submitted a declaration indicating she undertook a review of "all inmate medical records of inmates incarcerated at the Marinette County Jail from 2014 to 2015 to identify any inmates who experienced serious medical complications (involving hospitalization or otherwise requiring outside medical treatment) or death as the result of not receiving prescribed medication (including medications such as Tylenol)." Dkt. No. 75 at ¶ 3. The County contends that, because the court's order was not reduced to writing, the parties disagreed as to what the court ordered be produced. The County believed that it was ordered to "identify any instances of serious medical complications or death resulting from not receiving prescription medication and any associated grievances," Dkt. No. 97 at 3, while Plaintiffs asserted that the County was to produce all medical-related grievances in 2014 and 2015. After Plaintiffs provided

the County with a copy of the April 4, 2019 hearing transcript, the County produced grievances located in inmate medical files for the years 2014 and 2015 on July 18, 2019. The County indicated that it searched the Jail Administrator's master file for 2016 grievances and only searched the medical files for 2014 and 2015 grievances. Plaintiffs contend that they requested a complete search of the Jail's records and unredacted records for 2016. Plaintiffs subsequently filed a motion for contempt and sanctions against the County on August 9, 2019. The County produced all medical grievances from 2014 to 2015 contained in the master grievance file on August 13, 2019.

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure govern motions to compel. The Rule provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Although Rule 37 "presumptively requires every loser to make good the victor's costs," *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994), a court must not order fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs filed a motion seeking to compel the production of all records, files, notes, memos, or any and all other writings of any inmates or relatives of the inmates of the Marinette County Jail

3

complaining of not getting their medication from 2010 to the present and requesting the assistance of the court to enforce their rights. At the April 4, 2019 hearing, the court sought to reach a compromise between the parties by balancing Plaintiffs' interests in obtaining discovery they are entitled to, on the one hand, and the burden on the County to produce it, on the other. The court directed the County to provide grievances and medical complaints from 2014 and 2015 regarding the denial of medications ordered by a doctor.

The court's April 4, 2019 order was never reduced to writing, so the parties' initial dispute as to what was ordered to be produced is not unreasonable. Though the County ultimately complied with the court's order and provided the outstanding discovery responses, it took a motion to compel, a motion for contempt and sanctions, and two hearings with the court before the County provided the information to Plaintiffs. The County's conduct also required Plaintiffs to expend more time and resources than necessary to obtain the discovery to which they are entitled and to ensure the County completely produced that discovery. Based on the record in this case, the court concludes that Plaintiffs should be awarded their reasonable expenses in bringing their motion to compel.

Plaintiffs also claim that the County has engaged in a pattern of discovery misconduct that warrants sanctions pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Rule 37 of the Federal Rules of Civil Procedure provides for sanctions when a party fails to comply with a court order. Fed. R. Civ. P. 37(b). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial

4

process or otherwise conducted the litigation in bad faith." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers*, 501 U.S. at 46–50; *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015)).

In support of its motion, Plaintiffs cite a number of examples of the County's misconduct that warrant severe sanctions. For instance, Plaintiffs assert that the County withheld video footage from 16 cameras for months after it assured Plaintiffs that the three hours of video footage it produced were all that it possessed. But the fact that the County ultimately produced the video footage in its entirety suggests that the County did not act willfully in providing inadequate discovery responses to Plaintiffs' requests. In addition, the alleged misconduct Plaintiffs cite, aside from the County's failure to produce inmate grievances from 2014 through 2016, was not the subject of a motion to compel. Accordingly, Plaintiffs' motion for contempt and sanctions is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (Dkt. No. 60) is **GRANTED** and their motion for contempt and sanctions (Dkt. No. 89) is **DENIED**. The court orders the County to pay Plaintiffs' reasonable attorneys' fees and other expenses related to the filing of the motion to compel. The parties are to attempt to reach an agreement as to the amount and submit a proposed order to the court within fourteen days of the date of this order.

**SO ORDERED** this   8th   day of October, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
